[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10894

_____

D.C. Docket No.   2:11-cv-00111-RWS

AMANDA CRUZ,

Plaintiff - Appellee,

versus

JOSHUA DAVIDSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 31, 2013)

Before PRYOR and ANDERSON, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Plaintiff-Appellee Amanda Cruz ("Cruz") brought section 1983 claims

_____

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

against Defendant-Appellant Joshua Davidson ("Davidson") and others arising from her arrest and overnight detention in Hall County, Georgia.   Cruz claims that she was improperly detained without probable cause in violation of her Fourth Amendment rights.   Davidson, who was the booking officer, filed a motion to dismiss the claim against him on the ground of qualified immunity.   The district court denied this motion.   For the reasons set forth below, we reverse.

## I.    BACKGROUND

Cruz alleges the following facts, which we take as true for purposes of reviewing a motion to dismiss.   Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).

Cruz was pulled over by Georgia State Patrol Trooper Andy Page ("Page") for a possible seatbelt infraction on June 19, 2010, at approximately 7:45 pm.   Cruz had placed the chest restraint of her seatbelt behind her back while at a traffic light and failed to place it back across her chest before accelerating.   During the course of the stop, Page ran a check for any outstanding warrants.   Page informed Cruz that there was an outstanding warrant for her arrest because of a probation violation and receipt of stolen property.   Cruz protested that there had been a mistake.   Page, in an attempt to verify that Cruz was the person sought in the warrant, then asked Cruz whether she had any tattoos.   Cruz replied that she did not and showed Page her

2

arms and legs to prove that she did not.   Without further explanation, Cruz was placed in handcuffs and taken to Page's patrol car.

While in the patrol car, Cruz saw that Page's computer screen showed a woman that did not match her appearance.   She also heard over the police radio that the warrant had been issued for a woman who was born on November 18, 1979, had light red hair, was 5' 1" in height, and had tattoos on her arm and legs.   Cruz, as noted on her driver's license, was born on February 7, 1978, has dark brown hair, is 4' 8" in height, and has no tattoos.   Despite Cruz's additional protestations, Page informed her that she would be taken to jail so that someone could investigate further.

Cruz was taken to Hall County Jail, where she was booked by Davidson. Cruz told Davidson that there had been a mistake regarding the warrant, but Davidson did not respond and placed her in a holding cell.   After an hour in the holding cell, Cruz was brought out and questioned.   Davidson and four to five other jailors asked questions about her date of birth, height, tattoos, and social security number while looking at an image on a computer screen.   The other jailors commented that Cruz did not match the description or the picture on the computer screen, and Cruz again asserted that there were no warrants for her arrest.   Davidson then gave Cruz a ticket signed by Page for a safety restraint violation and returned

3

her to the holding cell.

Cruz was detained for the remainder of the night and was released after her mother posted a cash bond for $120.00 for the seatbelt charge.   The only charge against her was the seatbelt violation, which, upon conviction, carried no jail time, but rather a maximum penalty of $15.00.   The Hall County State Court eventually dismissed the seatbelt violation charge.

## II.    JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331.   This court has jurisdiction under 28 U.S.C. § 1291 over the interlocutory appeal of the denial of qualified immunity as a collateral order under Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

We review de novo a district court's denial of a motion to dismiss on qualified immunity grounds.   Keating, 598 F.3d at 762.   We must "determine whether the complaint alleges a clearly established constitutional violation, accepting the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting our review to the four corners of the complaint."   Id.

## III.    DISCUSSION

"Under the doctrine of qualified immunity, government officials acting within their discretionary authority are immune from suit unless the official's conduct

4

violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." Keating, 598 F.3d at 762 (internal quotation marks and brackets omitted). To avoid dismissal on qualified immunity grounds, the plaintiff's allegations must demonstrate both (1) a constitutional violation and (2) that the violation was clearly established. Id. Reviewing Cruz's complaint in the light most favorable to her, we determine that Cruz has not alleged a constitutional violation.

Cruz alleges that Davidson violated her Fourth Amendment right to be free from unreasonable seizures when he failed to release her after obtaining information indicating that she was not the subject of the outstanding warrant, arguing that Davidson lacked probable cause to detain her from that point forward. Davidson, in his motion to dismiss, argued two points. First, Davidson argued that Cruz's continued detention was justified independently by the traffic citation. Second, Davidson argued that he was justified in detaining Cruz because there was sufficient similarity between Cruz and the wanted person and that the overnight detention was not long enough to trigger any Fourth Amendment rights.[1] In the district court's original order denying Davidson's motion, the district court only considered, and rejected, Davidson's second argument. In its order denying Davidson's motion for

---

[1] As will be explained below, Davidson's first argument entitles him to qualified immunity. We therefore do not consider his second argument.

5

reconsideration, the district court held that:

> the allegations of the Amended Complaint . . . demonstrate that Plaintiff was not detained overnight for a violation of the seat belt law, but rather was detained pursuant to the arrest warrant and Defendants' mistaken belief that Plaintiff was the person for whom the warrant had been issued.

Dist. Ct. DE 31 at 8–9 (footnote omitted).   To support its conclusion, the district court noted that Cruz was not handcuffed by Page until Page had checked for outstanding warrants and that the questioning by Davidson at the jail apparently was to determine whether Cruz matched the person in the arrest warrant.

The Fourth Amendment provides in part that "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures, shall not be violated." In the usual case, a seizure is reasonable if it is based on probable cause.   Whren v. United States, 517 U.S. 806, 817 (1996).   The Supreme Court in Ashcroft v. al-Kidd emphasized that "Fourth Amendment reasonableness is predominantly an objective inquiry.   We ask whether the circumstances, viewed objectively, justify the challenged action.   If so, that action was reasonable whatever the subjective intent motivating the relevant officials."   __ U.S. __, 131 S. Ct. 2074, 2080 (2011) (internal quotation marks, citations, and brackets omitted).

The facts as alleged in Cruz's Amended Complaint establish that her detention was objectively reasonable, because Davidson had probable cause to

6

believe that Cruz violated the seatbelt law.   Cruz claims that her Fourth Amendment rights were violated by Davidson only when she was placed back in the holding cell after Davidson had questioned her.   Her Amended Complaint, however, states: "Davidson ignored the other jailors and gave Cruz a ticket (Citation No. E00195903) signed by Page for the offense of safety restraint violation, Code Section 40-8-76.1, of the state law.   Cruz was put back in the holding cell."   Am. Compl. ¶ 23.   Her Amended Complaint also states that she was charged with the seatbelt violation.   Although Cruz notes that the charges were eventually dismissed in court, she does not argue that probable cause was lacking to arrest and detain her on that count.   Rather, she argues that she was not arrested and detained on this basis, but on the basis of the warrant issued for a different person.   Her claim goes to the subjective motivations of Davidson in detaining her, and the Supreme Court has emphasized that the subjective intent of an officer is irrelevant as long as his actions are objectively reasonable.   See al-Kidd, __ U.S. at __, 131 S. Ct. at 2079, 2083 (finding arrest under material witness statute objectively reasonable when it was authorized by a warrant issued upon individualized suspicion that plaintiff was a material witness, despite plaintiff's allegations that arrest was pretext).   Cruz's Amended Complaint shows that Davidson had probable cause to believe that she had violated the seatbelt law.   Whatever Davidson's subjective motivations might

7

have been in detaining her, her detention was objectively reasonable.

To the extent that Cruz argues that the seatbelt violation <u>could not</u> form the basis for her continued detention, this argument is without merit.   Cruz notes that she was held overnight for a crime that carried no jail time and a maximum of a $15.00 fine.   The Supreme Court in <u>Atwater v. City of Lago Vista</u> held, however, that a police officer did not violate the Fourth Amendment when he effectuated a custodial arrest for a seatbelt violation that carried no jail time and a maximum $50.00 fine.   532 U.S. 318, 323–24, 354 (2001).   The Supreme Court also has held that a custodial arrest does not violate the Fourth Amendment even if the crime for which the person is arrested is not an arrestable offense under state law.   <u>Virginia v. Moore</u>, 553 U.S. 164, 176 (2008).   Therefore, to the extent Cruz argues that her detention cannot be justified objectively because it was a minor offense or because her detention was not authorized under Georgia law, her argument fails.   There was probable cause to believe that Cruz committed a crime, namely a violation of the seatbelt law, and that alone is sufficient to justify her detention for the purposes of the Fourth Amendment.

## IV.   CONCLUSION

Cruz has failed to sufficiently allege a violation of the Fourth Amendment. Whatever Davidson's subjective motivations might have been, he objectively was

8

justified in detaining Cruz for the seatbelt violation.    Because Cruz has not alleged a violation of the Fourth Amendment by Davidson, Davidson is entitled to qualified immunity.    The denial of qualified immunity therefore is

REVERSED**.**